1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL EDWARD KENNEDY, | ) | Civil Case No.07CV1996 |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |
| | ) | [28 U.S.C. § 2241] |

On October 15, 2007, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This Court, on November 2, 2007 ordered Respondent to respond to the petition on or before December 3, 2007. On November 26, 2007, Petitioner filed a motion for appointment of counsel.

The district court may appoint counsel for financially eligible petitioners seeking relief under 28 U.S.C. § 2241 when the interests of justice so require. *See* 18 U.S.C. § 3006A(a)(2)(B); <u>Terrovona v. Kincheloe</u>, 912 F.2d 1176, 1181 (9th Cir. 1990). In determining whether the interests of justice require appointment of counsel, the Court considers whether there is a likelihood of success on the merits and whether the unrepresented petitioner has the ability to articulate his claims in light of the complexity of the issues presented. <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).

Although Petitioner claims the legal issues in this case are complex, this Court's review of the petition reveals that Petitioner has sufficiently represented himself to date. From the face of the petition, filed *pro se,* it appears that Petitioner has a good grasp of this case and the legal

1  issues involved. Indeed, Petitioner has presented the Court with a coherent and rational bases
2  for his petition, citing the relevant law and facts. Under such circumstances, a district court
3  does not abuse its discretion in denying a state prisoner's request for appointment of counsel
4  as it is simply not warranted by the interests of justice. *See* LaMere v. Risley, 827 F.2d 622,
5  626 (9th Cir. 1987).

6      Also, this Court notes that the interests of justice require appointment of counsel when
7  the court conducts an evidentiary hearing on the petition. Terrovona, 912 F.2d at 1177.
8  At this stage in the proceedings, however, it is unclear whether an evidentiary hearing will be
9  required. Until such events are determined to be likely to occur, appointment of counsel is not
10 required. Consequently, the Court finds that the appointment of counsel is not warranted at
11 this stage in the proceedings. However, should the Court later determine an evidentiary hearing
12 is required, Petitioner may be entitled to appointment of counsel at that time. *See* Terrovona,
13 912 F.2d at 1177. Thus, this Court will not preclude Petitioner from again requesting
14 appointment of counsel should such events be found necessary. Accordingly, Petitioner's
15 motion for appointment of counsel is DENIED without prejudice.

18 DATED: November 27, 2007

20                               HON. JOHN A. HOUSTON
                              United States District Judge

22 CC:

23 Michael Edward Kennedy
   Reg. No.: 35377-098
24 33250 Old Ocean City Road
25 Parsonburg, MD 21849

26 U.S. Attorneys' Office
   880 Front Street, Room 6293
27 San Diego, CA 92101