1 │ KAREN P. HEWITT
  │ United States Attorney
2 │ DAVID P. CURNOW
  │ Assistant U.S. Attorney
3 │ California State Bar No. 040745
  │ Federal Office Building
4 │ 880 Front Street, Room 6293
  │ San Diego, California 92101-8893
5 │ Telephone: (619) 557-6961/(619) 557-2771 (Fax)

6 │ Attorneys for Plaintiff-Respondent
  │ United States of America

7

8 │               UNITED STATES DISTRICT COURT

9 │             SOUTHERN DISTRICT OF CALIFORNIA

10

11 │ MICHAEL EDWARD KENNEDY,          )    Case Nos. 80CR0102 - LAB
   │                                  )     07CV1996 - JAH
12 │              Defendant-Petitioner, )
   │                                  )    OPPOSITION TO MOTION
13 │    v.                            )    UNDER 28 U.S.C. § 2241
   │                                  )
14 │ UNITED STATES OF AMERICA,        )
   │                                  )
15 │              Plaintiff-Respondent. )
   │ ─────────────────────────────────)

16

17 │        COMES NOW the United States of America by and through its attorneys of record

18 │ Karen P. Hewitt, United States Attorney, and David P. Curnow, Assistant U.S. Attorney,

19 │ in opposition to the petition filed by Michael Edward Kennedy (hereinafter "Kennedy")

20 │ under Title 28 United States Code, Section 2241.

21

22

23

24

25

26

27

28

1

2        This Opposition is based upon the files and records of District Court case number

3    80CR0120-LAB, and the attached memorandum of points and authorities.

4

5        Dated:  December 3, 2007

                                                    Respectfully submitted,
6

7                                                   KAREN P. HEWITT
                                                    United States Attorney
8
                                                    s/David P. Curnow
9

10                                                  DAVID P. CURNOW
                                                    Assistant U.S. Attorney
11                                                  Attorneys for Plaintiff-Respondent
                                                    United States of America
12                                                  Email:david.curnow@usdoj.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

80cr0102/07cv1996

POINTS AND AUTHORITIES

I

QUESTION PRESENTED

Whether "[t]he Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) violates the United States Constitution's Suspension Clause, Article I, Section 9, clause 2, by acting to suspend and/or eliminate petitioner's ability to file a writ of habeas corpus - or obtain review of his second or successive motion to vacate his sentence in the lower courts - pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241." [Petition at 4.]

II

RELEVANT FACTS

On February 14, 1980, an Indictment was returned accusing Kennedy of the brutal rape and murder of Maria Lopez de Felix an illegal alien the Old Customs Building at the San Ysidro, California, Port of Entry. [CR 9.][1/]  "She appeared to have been beaten, raped, and strangled." United States v. Kennedy, 714 F.2d 968, 970-71 (9th Cir. 1983). After being acquitted of the murder charge [CR 54], he was convicted of felony-murder, and rape at his third trial. [CR 70.]  714 F.2d at 971.  On January 15, 1981, he was sentenced to life imprisonment on each count, the sentences to run concurrently. [CR 79.] His appeal of the conviction was unsuccessful. 714 F.2d at 977.  Certiorari was denied on February 21, 1984. Kennedy v. United States, 465 U.S. 1034 (1984).

Thereafter, Kennedy began a series of petitions filed under 28 U.S.C. § 2255, none of which have been successful. See CR 100-115 (May 6, 1985); United States v. Kennedy, 890 F.2d 1056 (9th Cir. 1989); CR 121-128 (October 28, 1996); CR 129-156 (April 21, 1997); CR 157-158 (March 28, 2007).

During this process, on April 17, 1998, the court of appeals filed an order requiring that prior to filing any more § 2255 petitions in the district court, Kennedy had to receive permission from the court of appeals. [CR 152.]  Such an application was filed by

---

[1/]      "CR" refers to the clerk's record in case number 80CR0102 .

1   Kennedy on July 16, 1999, and it was denied without prejudice subject to Kennedy's

2   refiling the application in compliance with Ninth Circuit Rule 22-3.  [CR 156.]  No new

3   application was filed by Kennedy.

4           On March 28, 2007, this Court filed an order mandating that "all further attempted

5   filings by Appellant related to his criminal case will be rejected absent the required Ninth

6   Circuit authorization."  [CR 157 (copy attached as Exhibit 1).]  On April 4, 2007,

7   Kennedy's latest § 2255 petition was so rejected.  [CR 158.]  Kennedy filed a notice of

8   appeal, and the court of appeals assigned it case number 07-55620.  [CR 159, 160.]  That

9   appeal is still pending.

10          Kennedy has filed the present petition under 28 U.S.C. § 2241.  There is no

11  evidence that Kennedy received permission from the court of appeals, or anyone else, to

12  do so.

13          According to the face sheet on his petition, Kennedy is presently incarcerated in

14  the Federal Prison facility at Salisbury, Maryland.

15                                          III

16                                      ARGUMENT

17      A.      THE PETITION SHOULD BE DISMISSED OUTRIGHT

18              1.      Kennedy Did Not Receive Permission to File This Petition

19          Both the court of appeals and this Court have ordered that if further petitions are

20  to be filed by Kennedy, he must receive permission from the court of appeals.  While the

21  1998 court of appeals order limits itself to § 2255 petitions, the 2007 order from this

22  Court does not because it states it applies to "all further attempted filings by Appellant

23  related to his criminal case."

24          Permission to file this petition has not been obtained from the Ninth Circuit, or

25  anyone else.  Therefore, this petition must be dismissed.

26

27

28

                                            4

1

2

   2.  The Appeal of the Rejection of  Kennedy's Former
       Petition Is Pending

3

  "'[A] district court should not entertain a habeas corpus petition while there is an

4

appeal pending in this court or in the Supreme Court.'" <u>United States v. Pirro</u>, 107 F.3d

5

297, 299 (9th Cir. 1997) (quoting <u>United States v. Deeb</u>, 944 F.2d 545, 548 (9th Cir.

6

1991) (quoting <u>Feldman v. Henman</u>, 815 F.2d 1318, 1320 (9th Cir. 1987)).

7

  Because the appeal of the rejection of Kennedy's former petition is still pending

8

in the court of appeals, the instant petition should be dismissed.

9

    3.  A Petition Under § 2241 Is Inappropriate

10

  When the attack is on the execution of the sentence (i.e., "legality or duration" of

11

confinement) by the Bureau of Prisons, the proper petition is under 28 U.S.C. § 2241.

12

<u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973); <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th

13

Cir. 1991); <u>United States v. Giddings</u>, 740 F.2d 770, 772 (9th Cir. 1984).  Conversely,

14

"[a] petition under section 2255 can test only the propriety of the sentence imposed, not

15

the manner of execution."  <u>Giddings</u>, 740 F.2d at 772.

16

  The present petition does not direct itself to the execution of the sentence (i.e.,

17

"legality or duration" of confinement).  Instead, it raises issues which are directed at the

18

propriety of Appellant's underlying conviction (i.e., "the fundamental miscarriage of

19

justice and constitutional violations committed during his three trials and appellate

20

process [to wit] . . . post conviction review of his <u>Brady</u>, <u>Bumper</u>, <u>Kyles</u> and <u>Strickland</u>

21

claims.")  [Petition at 4-5.]  This discussion is only cognizable as a § 2255 petition

22

because all of the issues designated relate to Appellant's conviction at trial, not the

23

executio of his sentence.[2/]

24

  A § 2241 petition cannot be used as a substitute for a § 2255 petition.  <u>Stephens v.</u>

25

<u>Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006) ("restrictions on the availability of a § 2255

26

27

28

   [2/]  <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) concern themselves with the Government's duty to reveal exculpatory evidence before or at trial.  <u>Bumper v. North Carolina</u>, 391 U.S. 543 (1968) relates to consents to search via acquiescence to a claim of lawful authority.  <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984) deals with effectiveness of defense counsel.

motion cannot be avoided through a petition under 28 U.S.C. § 2241." (citing <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam).")); <u>Porter v. Adams</u>, 244 F.3d 1006, 1007 (9th Cir. 2001) (" Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions."). It appears that here that Kennedy, having lost all his previous § 2255 petitions, is now trying to squeeze himself into this Court under the guise of a § 2241 petition.

To prop-up his use of § 2241, Kennedy leans on the so-called "inadequate or ineffective" savings clause found in § 2255.[3/] [Petition at 5, 7.] "[A] federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-65 (9th Cir. 2000) (quoting § 2255) (per curiam). "The one exception to the general rule is what we have called the 'escape hatch' of § 2255." <u>Herrera</u>, 464 F.3d at 897 (citing <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000)).

The burden is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir.1963). Under the circumstances of this case, Kennedy cannot carry the burden. Generally:

> This Court has not fully explained when § 2255's remedy is "inadequate or ineffective." However, we have stated that this exception is narrow, and that § 2255's remedy is not "inadequate or ineffective" merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition.

<u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir. 2003) (citations omitted). Specifically, "[T]he general rule in this circuit is that the ban on unauthorized second or successive

---

[3/]    That clause appears in § 2255 in the following way:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

(emphasis added.)

80cr0102/07cv1996

1  petitions does not per se make § 2255 'inadequate or ineffective.'"  Herrera, 464 F.3d at

2  898 (quoting Lorentsen).  See also Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)

3  ("Moore v. Reno, 185 F.3d 1054 (9th Cir.1999), establishes a baseline rule that § 2241

4  is not available under the inadequate-or-ineffective-remedy escape hatch of § 2255

5  merely because the court of appeals refuses to certify a second or successive motion

6  under the gatekeeping provisions of § 2255.")

7        It appears that a § 2241 petition can be substituted for a § 2255 petition when the

8  petitioner is claiming "actual innocence."  See Stephens v. Herrera, 464 F.3d at 898

9  ("Along with many of our sister circuits, we have held that a § 2241 petition is available

10  under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual

11  innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim."

12  (citing Ivy, 328 F.3d at 1060.).  Kennedy makes no "actual innocence" claim.  More to

13  the point on at least one of Kennedy's claims, ineffective assistance of counsel does not

14  qualify for the exemption.  Pirro, 107 F.3d at 299-300 (direct appeal or a § 2255 petition

15  are the correct remedies).   The other trial claims (i.e., no consent to search and

16  withholding exculpatory evidence) should suffer from the same infirmities.

17            4.    This Court Has No Jurisdiction Over This § 2241 Petition

18        Assuming this Court finds the instant petition is in fact a proper § 2241 petition,

19  this Court lacks jurisdiction to pass on it, and the matter must be transferred to Kennedy's

20  district of confinement (i.e., the district of Maryland).

21        Hernandez v. Campbell confirms that:

23        [T]he proper district for filing a habeas petition depends upon whether the
          petition is filed pursuant to § 2241 or § 2255. In particular, a habeas petition
24        filed pursuant to § 2241 must be heard in the custodial court  . . . , even if
          the § 2241 petition contests the legality of a sentence by falling under the
25        savings clause. On the other hand, § 2255 motions must be heard in the
          sentencing court . . . .

26            Thus, in order to determine whether jurisdiction is proper, a court
27        must first determine whether a habeas petition is filed pursuant to § 2241 or
          § 2255 before proceeding to any other issue.

28

204 F.3d at 865 (citations omitted).  Therefore, if this Court finds this petition is properly filed under § 2241, this case must be transferred to the district of Kennedy's confinement.

B.    THE PETITION WILL FAIL ON ITS MERITS

Even if this Court decides to hear the merits of this petition, the petition will fail. The Ninth Circuit has already held that AEDPA's statute of limitations is not unconstitutional under the Suspension Clause.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Corjasso v. Ayers, 278 F.3d 874, 880  (9th Cir. 2002); Green v. White, 223 F.3d 1001, 1003-04 (9th Cir. 2000).  It does not render the remedy of habeas corpus "inadequate or ineffective."  Green v. White, 223 F.3d at 1004 ("We therefore hold that the one-year limitation does not per se render the writ of habeas corpus inadequate or ineffective.").  See also Ferguson v. Palmateer, 321 F.3d at 823 ("AEDPA's one-year statute of limitations, even if in tension with a longer state statute of limitations, does not render federal habeas an inadequate or ineffective remedy.").

If this Court transfers this petition to the District of Maryland which is located in the Fourth Circuit, it appears that the § 2241 petition will also fail there.  In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision." (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)), 115 F.3d at 1197-98 (AEDPA does not violate the Suspension Clause).  See also Mueller v. Angelone, 180 F.3d 557, 572-73 (4th Cir. 1999).

80cr0102/07cv1996

IV

<u>CONCLUSION</u>

For the reasons stated above, Kennedy's petition should either be dismissed outright or transferred to the District of Maryland.  In the event this Court does not do either, and orders further response, the Government respectfully requests an additional 30 days to file its opposition from the date of this Court's new order.

Dated:  December 3, 2007

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*s/David P. Curnow*

DAVID P. CURNOW
Assistant U.S. Attorney
Attorneys for Plaintiff-Respondent
United States of America
Email:david.curnow@usdoj.gov

9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL EDWARD KENNEDY,              )         Case Nos.  80cr0102-LAB
                                     )                    07CV1996-JAH
                  Defendant-Petitioner, )
                                     )
            v.                       )
                                     )         CERTIFICATE OF SERVICE
UNITED STATES OF AMERICA,            )
                                     )
                  Plaintiff-Respondent. )
                                     )

IT IS HEREBY CERTIFIED THAT:

        I, David P. Curnow, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

        I am not a party to the above-entitled action.  I have caused service of Government's Response and Opposition on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

        n/a

        I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

        Michael Edward Kennedy
        Reg. 35377-098
        33250 Old Ocean City Road
        Parsonsburg, MD  21849

the last known address, at which place there is delivery service of mail from the United States Postal Service.

        I declare under penalty of perjury that the foregoing is true and correct.

        Executed on December 3, 2007.

                              s/ David P. Curnow
                              DAVID P. CURNOW