Michael Edward Kennedy
35377-098
Salisbury, Maryland
33250 Old Ocean City Road
Parsonsburg, Maryland 21849

FILED

2008 JAN -7 PM 12: 51

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ RM _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

NUNC PRO TUNC
JAN -3 2008

| | |
|---|---|
| MICHAEL EDWARD KENNEDY, )<br>)<br>Petitioner, )<br>v.                               )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | Civil Case No. 07CV1996  JAH (RBB)<br><br>**AFFIDAVIT IN SUPPORT OF<br>PETITIONER'S TRAVERSE TO<br>THE GOVERNMENT'S RESPONSE** |

| | |
|---|---|
| State of Maryland       )<br>                                )  ss:<br>County of Wicomico   ) | |

    MICHAEL EDWARD KENNEDY, being duly sworn, deposes and says:

1)     I am the petitioner in the above-entitled matter.  Pursuant to Federal Rules of Civil Procedure, Rule 56, and the Federal Rules of Evidence, I make this affidavit to identify the documents as listed below for admission as evidence and in support of my traverse to the government's response.

2)     The petition in this matter asserts a claim that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) violates the Suspension Clause, Article I, Section 9, clause 2,  of the United States Constitution by acting to suspend and/or eliminate petitioner's ability to file a writ of habeas corpus - or obtain review of his second or successive motion to vacate his sentence in the

Civ-69 (Rev. 9/97)                                                                             ::ODMA\PCDOCS\WORDPERFECT\22832\1

lower courts - pursuant to 28 U.S.C. §2255 or 28 U.S.C. §2241.

3)   The petition in this matter further asserts claims that petitioner's conviction was unconstitutionally obtained by the government's violation of Brady v. Maryland, 373 U.S. 83 (1963), Bumper v. North Carolina, 391 U.S. 543 (1968), Kyles v. Whitley, 514 U.S. 419 (1995), and Strickland v. Washington, 466 U.S. 668 (1984), throughout petitioner's three trials and entire appellate process.

4)   The petitioner, prior to filing his first §2255 motion on May 6th, 1985, filed a request under the provisions of the Freedom of Information and Privacy Act (FOIA/PA) of 1966, for release of information pertaining to his conviction.

5)   The United States government did not initially begin to disclose the FOIA/PA material, as identified in item #4 of this affidavit, that is relevant to this petition until just prior to oral arguments on petitioner's first §2255 motion before the Court of Appeals for the Ninth Circuit on August 3rd, 1988.

6)   The United States government's disclosure of the FOIA documents and material, as identified in item #5 of this affidavit, was subsequently spanned over a 17-year period beginning in 1988.

7)   The United States government still maintains numerous other documents relevant to petitioner's conviction, including five (5) sixty-minute cassette-tapes, which it holds to be exempt from disclosure under the provisions of the FOIA.

8)   Attached to Petitioner's Traverse to the Government's Response, Exhibit 1 is a true copy of a page excerpt from the investigative notebook of Kenneth A. Vardell, a Special Agent of the Federal Bureau of Investigation, identified as item #2-167. The exhibit reflects the written entry "Suspect could be an 'O' secretor," and serves to substantiate petitioner's claim that this entry was highly relevant and have led trial counsel to not only to learn of a blood-soaked piece of toilet paper being found where the alleged murder-rape occurred -- but would have shown the presence of another individual and not petitioner at the crime scene.

9)   Attached to Petitioner's Traverse to the Government's Response, Exhibit 2 is a true copy of the San Diego Police Preliminary Examination on Blood and

Semen report which reveals an entry that "Group 'O' human blood was identified on specimen Q47." It serves to add further corroboration to petitioner's claim to the presence of another individual at the crime scene.

10) Attached to Petitioner's Traverse to the Government's Response, Exhibit 3 is a true copy of the November 26th, 1979, Federal Bureau of Investigation memorandum, which states in paragraph 1, lines 3-4, that "The female victim had been dead approximately eight to nine hours." The exhibit serves to underscore and corroborate: (1) petitioner's claim of actual innocence as it indicates that the victim had been killed a number of hours after petitioner had left the scene; and (2) the prosecution's failure to disclose exculpatory material to his trial counsel during the course of three trials and entire appellate process.

11) Attached to Petitioner's Traverse to the Government's Response, Exhibit 4 is a true copy of the December 6th, 1979, Federal Bureau of Investigation "Airtel" memorandum, which states in paragraph 3, lines 4-7, that "Crime scene investigation and preliminary investigation by the San Diego, California, Police Department Laboratory and San Diego County Morgue indicates victim was sexually assaulted and strangled to death sometime during the night of 11/25-26/79." The exhibit serves to underscore and corroborate (1) petitioner's claim of actual innocence as it indicates that the victim had been killed a number of hours after petitioner had left the scene, and (2) the prosecution's failure in disclosing exculpatory material to his trial counsel during the course of three trials and entire appellate process.

12) Attached to Petitioner's Traverse to the Government's Response, Exhibit 5 is a true copy of one of but several close-up crime scene photographs of the victim's face that has never been previously released to the petitioner's defense counsel at any of his three trials nor during the appellate process. The exhibit serves to substantiate, from a forensic standpoint, that the close-up photographs were extremely relevant to petitioner's defense as there are no deposits of fly larvae in the victim's eyelids and this fact pointed towards petitioner's actual innocence given the pivotal issue of time-of-death.

13) Attached to Petitioner's Traverse to the Government's Response, Exhibit 6 is a true copy of the affidavits subscribed and sworn to by Juanita R. Brooks on the 18th of September, 1985, and by Alex Landon on September 17th, 1985. The exhibits serve to substantiate: (a) the prosecution's withholding of material facts and evidence was not an isolated incident in this case; and (b) that all evidence and material facts would have greatly assisted the defense case regarding the crucial issue of time of death in this case.

14) Attached to Petitioner's Traverse to the Government's Response, Exhibit 7 is a true copy of an "Interrogation: Advice of Rights" form provided by Special Agent Vardell at the onset of petitioner's interrogation. The exhibit serves to not only substantiate petitioner's claim that on December 3rd, 1979, he was taken to the Federal Bureau of Investigation's San Diego field offices located downtown in the federal office building at 880 Front Street, San Diego, California, and then subjected to a five-hour long interrogation by James M. Bird and Kenneth A. Vardell, both Special Agents of the Federal Bureau of Investigation, and declined to waive his rights until contacting an attorney.

15) Attached to Petitioner's Traverse to the Government's Response, Exhibit 8 is a true copy of the affidavit subscribed and sworn to before United States Magistrate Judge Edward Infante on December 3rd, 1979, by Jerry L. Barnett, a Special Agent of the Federal Bureau of Investigation, attesting to the probable cause to issue a search warrant for petitioner's residence. The exhibit serves to substantiate petitioner's claim that a search warrant was issued to Special Agent Barnett to search petitioner's home.

16) Attached to Petitioner's Traverse to the Government's Response, Exhibit 9 is a true copy of the search warrant issued to Jerry L. Barnett, a Special Agent of the Federal Bureau of Investigation, by Magistrate Judge Edward Infante at 4:32 pm on December 3rd, 1979 for the search of petitioner's residence. The exhibit serves to substantiate the petitioner's claim that the search warrant was never executed nor returned by Special Agent Barnett.

17) Attached to Petitioner's Traverse to the Government's Response, Exhibit

10 is a true copy of Federal Bureau of Investigation Form FD-340, signed on December 3rd, 1979, by Special Agent Jerry L. Barnett. The exhibit serves to substantiate petitioner's claim that the search warrant for petitioner's residence was returned unexecuted on December 12th, 1979, by Special Agent Barnett, and pursuant to <u>Bumper</u> v. <u>North Carolina</u>, 391 U.S. 543 (1968), the items thus seized were inadmissible as evidence at each of petitioner's three trials.

18)   Attached to Petitioner's Traverse to the Government's Response, Exhibit 11 is a true copy of Federal Bureau of Investigation Form FD-340(a). The exhibit serves to further bear out petitioner's claim that the search warrant for his home was returned unexecuted on December 12th, 1979, and, in accord with <u>Bumper</u> v. <u>North Carolina</u>, 391 U.S. 543 (1968), the items thus seized were inadmissible as evidence at each of petitioner's three trials.

19)   Attached to Petitioner's Traverse to the Government's Response, Exhibit 12 is a true copy of an affidavit subscribed and sworn to by Marilyn L. Kennedy on June 25th, 1997, concerning the search of her residence by Special Agents of the Federal Bureau of Investigation on the evening of December 3rd, 1979. The exhibit serves to substantiate petitioner's claim that his mother's consent, as co-owner of the home, was given in the belief that she had no legal right to object or resist the search after Special Agents Barnett and Vardell had asserted to her that they were in possession of a search warrant for her home.

20)   Attached to Petitioner's Traverse to the Government's Response, Exhibit 13 is a true copy of an affidavit subscribed and sworn to by Michael P. Kennedy on June 25th, 1997, concerning the search of his residence by Special Agents of the Federal Bureau of Investigation on the evening of December 3rd, 1979. The exhibit serves to substantiate petitioner's claim that his step-father's consent, as co-owner of the home, was given in the belief that he had no legal right to object or resist the search after Special Agents Barnett and Vardell had asserted to him that they were in possession of a search warrant for his home.

21)   Attached to Petitioner's Traverse to the Government's Response, Exhibit 14 is a true copy of an affidavit subscribed and sworn to by petitioner on June

19th, 1997, concerning the search of his locker, residence and car by Special Agents of the Federal Bureau of Investigation on the evening of December 3rd, 1979. The exhibit serves to substantiate petitioner's claim that his consent, as owner of the car and co-owner of the home, was given in the belief that he had no legal right to object or resist the search after Special Agents Barnett and Vardell had asserted to him that they were in possession of a search warrant for his locker, home and car.

22) Attached to Petitioner's Traverse to the Government's Response, Exhibit 15 is a true copy of petitioner's first trial transcript, pages 693 and 694, containing the June 10th, 1980, cross-examination testimony of Jerry L. Barnett, a Special Agent of the Federal Bureau of Investigation. As contained in lines 21 - 25 of page 693 and line 1 of page 694, it serves to substantiate petitioner's claim that Special Agents Jerry L. Barnett and Kenneth A. Vardell claimed to both petitioner and his parents to be in possession of a search warrant and requested consent to search their family home.

23) Attached to Petitioner's Traverse to the Government's Response, Exhibit 16 is a true copy of petitioner's third trial transcript, pages 987, containing the December 2nd, 1980, cross-examination testimony of Kenneth A. Vardell, a Special Agent of the Federal Bureau of Investigation. As contained in lines 22 - 25 of page 987, it serves to substantiate petitioner's claim that Special Agents Kenneth A. Vardell and Jerry L. Barnett claimed to petitioner and his parents to be in possession of a search warrant and requested consent to search their family home.

24) Attached to Petitioner's Traverse to the Government's Response, Exhibit 17 is a true copy of two page excerpts from the investigative notebook of Kenneth A. Vardell, a Special Agent of the Federal Bureau of Investigation, identified as item #2-294 and #2-296. The exhibits reflect the entries "12/3/79 Consent Search 302 - Log #189," and "12/3/79 Consent Search of Kennedy residence #159" serves to further substantiate petitioner's claim that Special Agents Vardell and Barnett claimed to both petitioner and his parents to be in

possession of a search warrant and requested consent to search their home.

25) Attached to Petitioner's Traverse to the Government's Response, Exhibit 18 is a true copy of the letter written by United States Attorney James Lorenz to Federal Bureau of Investigations Director William H. Webster on December 16th, 1980. The exhibit serves to support petitioner's claims by attesting in paragraph 3, lines 6-7, that the evidence gathered from petitioner's home was collected pursuant to a warrant.

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury under the laws of the United States of America that the foregoing information contained herein is true and correct.

Executed on this 31st day of December, 2007.

*[signature]*

Michael E. Kennedy

Michael E. Kennedy
33250 Old Ocean City Road
Salisbury, Maryland 21849