KAREN P. HEWITT
United States Attorney
DAVID P. CURNOW
Assistant U.S. Attorney
California State Bar No. 040745
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6961/(619) 557-2771 (Fax)

Attorneys for Plaintiff-Respondent
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL EDWARD KENNEDY, | ) | Case Nos. 80CR0102 - LAB |
|---|---|---|
| Defendant-Petitioner, | ) | 07CV1996 - JAH |
| v. | ) | MOTION TO PERMIT FILING OF RESPONSE TO TRAVERSE |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Respondent. | ) | |

COMES NOW the United States of America by and through its attorneys of record Karen P. Hewitt, United States Attorney, and David P. Curnow, Assistant U.S. Attorney, and respectfully moves this Court for an order permitting the filing of a response to the Traverse filed by Michael Edward Kennedy (hereinafter "Kennedy") in this proceeding under Title 28 United States Code, Section 2241.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This motion is based upon the files and records of this case, District Court case number 80CR0120-LAB, and the attached memorandum of points and authorities.

Dated:   January 17, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*s/David P. Curnow*

DAVID P. CURNOW
Assistant U.S. Attorney
Attorneys for Plaintiff-Respondent
United States of America
Email:david.curnow@usdoj.gov

2

1

## I

2

## POINTS AND AUTHORITIES

3      The Government files this motion on the off-chance that this Court will not dismiss

4  Kennedy's § 2241 petition outright or transfer the matter to the District of Maryland for

5  the reasons set forth in our Response and Opposition.

6      In the Response and Opposition we noted that Kennedy had not made a claim of

7  "actual innocence" so as to try and take advantage in this § 2241 proceeding of the

8  "escape hatch" provision of 28 U.S.C. § 2255 which, upon the making of the proper basis

9  therefore, permits the filing of a such a petition.[1]  In his Traverse Kennedy makes such

10  a claim of "actual innocence."  [Traverse 4-18.]

11      When a § 2241 petitioner alleges that Brady constitutional error deprived the jury

12  of critical evidence that would have established his innocence, as Kennedy does [Traverse

13  8-12], the petitioner must demonstrate "the constitutional violation 'probably has caused

14  the conviction of one innocent of the crime.'"  Schlup v. Delo, 513 U.S. 298, 324 (1995)

15  (prison stabbing) (adopting burden of proof standard set forth in Murray v. Carrier, 477

16  U.S. 478, 485 (1986) and declining to apply standard set forth in Sawyer v. Whitley, 505

17  _____

18      [1]      "The one exception to the general rule is what we have called the 'escape
hatch' of § 2255."  Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied,

19  127 S. Ct. 1896 (2007).  "[A] federal prisoner may file a habeas corpus petition pursuant
to § 2241 to contest the legality of a sentence where his remedy under § 2255 is

20  'inadequate or ineffective to test the legality of his detention.'"  Hernandez v. Campbell,
204 F.3d 861, 864-65 (9th Cir. 2000)(quoting § 2255)(per curiam).

21      That clause appears in § 2255 in the following way:

22      An application for a writ of habeas corpus in behalf of a prisoner who is
authorized to apply for relief by motion pursuant to this section, shall not be

23      entertained if it appears that the applicant has failed to apply for relief, by
motion, to the court which sentenced him, or that such court has denied him

24      relief, unless it also appears that the remedy by motion is inadequate or
ineffective to test the legality of his detention.

25

26  Id. (emphasis added.)

27  It appears that a § 2241 petition can be substituted for a § 2255 petition when the
petitioner is claiming "actual innocence."  See Herrera, 464 F.3d at 898 ("Along with
many of our sister circuits, we have held that a § 2241 petition is available under the

28  'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2)
has not had an 'unobstructed procedural shot' at presenting that claim."

U.S. 333, 336 (1992)).  The Court had noted that "experience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." 513 U.S. at 324.  "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324.  Schlup elaborated:

> To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.   The petitioner thus is required to make a stronger showing than that needed to establish prejudice.

513 U.S. at 327 (emphasis added and footnote omitted).  When reviewing this showing, "[t]he habeas court must make its determination concerning the petitioner's innocence 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'"  513 U.S. at 327 (quoting Judge Friendly's description of the inquiry found in Friendly, "Is Innocence Irrelevant? Collateral Attack on Criminal Judgments," 38 U.Chi.L. Rev. 142, 160 (1970)) (footnote omitted).[2]

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. . . . Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

513 U.S. at 329  (emphasis added).  In Bousley v. United States, 523 U.S. 614 (1998) the Court added that, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. " 523 U.S. at 623.

When elaborating on the term "juror, acting reasonably," the Schlup court stated:

> The word "reasonable" in that formulation is not without meaning.  It must be presumed that a reasonable juror would consider fairly all of the evidence

---

[2]    The Court had previously noted that  "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  513 U.S. at 324.

4

presented.  It must also be presumed that such a juror would conscientiously obey the instructions of the trial court requiring proof beyond a reasonable doubt.

513 U.S. at 329.  "Though the <u>Carrier</u> standard requires a substantial showing, it is by no means equivalent to the standard of <u>Jackson v. Virginia</u>, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard that governs review of claims of insufficient evidence." 513 U.S. at 330.

First, under <u>Jackson</u>, the assessment of the credibility of witnesses is generally beyond the scope of review.   In contrast, under the gateway standard we describe today, the newly presented evidence may indeed call into question the credibility of the witnesses presented at trial.   In such a case, the habeas court may have to make some credibility assessments. Second, and more fundamentally, the focus of the inquiry is different under <u>Jackson</u> than under <u>Carrier</u>.   Under <u>Jackson</u>, the use of the word "could" focuses the inquiry on the power of the trier of fact to reach its conclusion. Under <u>Carrier</u>, the use of the word "would" focuses the inquiry on the likely behavior of the trier of fact.

<u>Id.</u>

If a § 2241 petitioner makes the requisite showing he is entitled to further proceedings before the district court.  <u>See</u> <u>House v. Bell</u>, 126 S. Ct. 2064, 2087 (2006); <u>Bousley</u>, 523 U.S. at 624; <u>Schlup</u>, 513 U.S. at 331-32.  Without the showing, the § 2241 petition goes nowhere, and the district court can find the § 2255 "escape hatch" provides no relief.

If this Court has any intention of reviewing the instant § 2241 petition beyond dismissing it out-of-hand, or transferring it of the District of Maryland, we believe that Kennedy's "actual innocence" contentions need to be addressed.  To that end, we request permission to file a response to the Traverse.

Dated:  January 17, 2008            Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*s/David P. Curnow*

DAVID P. CURNOW
Assistant U.S. Attorney
Attorneys for Plaintiff-Respondent

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL EDWARD KENNEDY, | ) | Case Nos.  80cr0102-LAB |
| Defendant-Petitioner, | ) | 07CV1996-JAH |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, David P. Curnow, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of Government's Motion to Permit Filing of Response to Traverse on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

n/a

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

Michael Edward Kennedy
Reg. 35377-098
33250 Old Ocean City Road
Parsonsburg, MD  21849

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 17, 2008

s/ David P. Curnow
DAVID P. CURNOW