UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EDWARD KENNEDY,           )<br>                                                              )<br>                    Petitioner,       )<br>                                                              )<br>v.                                                         )<br>                                                              )<br>UNITED STATES OF AMERICA,       )<br>                                                              )<br>                    Respondent.    )<br>_____) | Civil Case No.07CV1996<br><br>**ORDER DISMISSING PETITIONER'S APPLICATION ABSENT NINTH CIRCUIT AUTHORIZATION**<br><br>[28 U.S.C. § 2241] |

   Pending before this Court is Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. No. 1. Respondent filed a return to the petition and Petitioner filed a traverse.[1] Doc. Nos. 8 and 10.

   On January 15, 1981, Petitioner was sentenced to life imprisonment on a two-count conviction for felony-murder and rape. His direct appeal was denied in September 1983. United States v. Kennedy, 714 F.2d 968, 970-71 (9th Cir. 1983). His Writ of Certiorari to the United States Supreme Court was denied in February 1984. Kennedy v. United States, 465 U.S. 1034 (1984). Subsequently, Petitioner began filing a series of unsuccessful petitions pursuant to 28 U.S.C. § 2255. *See* Crim. Doc. No. 100-115[2] (May 6, 1985); United States v. Kennedy, 890 F.2d 1056 (9th Cir. 1989); Crim. Doc. No. 121-128 (October 28, 1996); Crim. Doc. No. 129-156 (April 21, 1997); Crim. Doc. No. 157-158 (March 28, 2007).

   As part of this process, on July 14, 1999, the Ninth Circuit responded to Kennedy's

---

[1] Respondent also filed a Motion to Permit Filing of Response to Traverse. Doc. No. 11. However, because Petitioner's 2241 application is dismissed outright, Respondent's motion to file a response to the traverse is DENIED as moot.

[2] "Crim. Doc. No." refers to the docket for case number 80cr0102.

1 petition for authorization to file a second or successive 28 U.S.C. § 2255 motion in district
2 court by denying the motion "without prejudice to filing a new petition that complies with the
3 requirements of Ninth Circuit Rule 22-3," and provided Kennedy with instructions that any
4 such new petition had to be filed *in the Ninth Circuit* and had to contain a particularized
5 showing enunciated for him in that Order.  Crim. Doc. No. 156.  No further action is reflected
6 in the criminal docket until Petitioner attempted to file a renewed 28 U.S.C. § 2255 motion
7 in this court on March 21, 2007.  *See* Crim. Doc. No. 157.  District Judge Larry A. Burns
8 rejected that petition in a Discrepancy Order, and also issued an order wherein Judge Burns
9 ordered that "all further attempted filings by Kennedy related to his criminal case will be
10 rejected absent the required Ninth Circuit authorization."  Crim. Doc. No. 157.

11    In its return to the instant petition, Respondent relies on Judge Burns's Order to argue
12 that Petitioner was required to obtain permission from the Ninth Circuit before filing the
13 instant petition.  Doc. No. 8 at 4.  Because Petitioner did not do so, Respondent contends the
14 petition should be dismissed outright.  In his traverse, Petitioner counters that "there is nothing
15 on the record before this Court indicating that Judge Burns intended his order to be construed
16 as anything but applying to a renewed § 2255 petition filed by Mr. Kennedy absent a certificate
17 of appealability."  Doc. No. 10 at 18.

18    Upon further review of the docket and file, the Court agrees with Respondent.  Judge
19 Burns's order is not limited to renewed § 2255 petitions.  Rather, it is clear from the face of the
20 Order, Judge Burns ordered that "**all** further attempted filings by Kennedy related to his
21 criminal case will be rejected absent the required Ninth Circuit authorization."  Crim. Doc. No.
22 157 (emphasis added).   Based on the plain language of the Order, Petitioner was required to
23 obtain permission from the Ninth Circuit before filing the instant petition.  However, he failed
24 to do so.
25 //
26 //
27 //
28 //

1  Accordingly, IT IS HEREBY ORDERED, the petition for writ of habeas corpus under
2  28 U.S.C. § 2241 is DISMISSED WITHOUT PREJUDICE.

4  DATED:  January 22, 2008

6  JOHN A. HOUSTON
   United States District Judge

9  CC:

10 Michael Edward Kennedy
   Reg. No.: 35377-098
   33250 Old Ocean City Road
11 Parsonburg, MD 21849

13 U.S. Attorneys' Office
   880 Front Street, Room 6293
   San Diego, CA 92101