


UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL EDWARD KENNEDY,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil Case No.07CV1996

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

[28 U.S.C. § 2241]

On October 15, 2007, petitioner Michael Edward Kennedy ("Petitioner"), a state prisoner appearing *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. No. 1. Respondent filed a return to the petition and Petitioner filed a traverse. Doc. Nos. 8 and 10. In its return, Respondent relied on a March 27, 2007 order by District Judge Larry A. Burns to argue that Petitioner was required to obtain permission from the Ninth Circuit before filing the instant § 2241 petition. Judge Burns's order came after Petitioner filed a series of unsuccessful petitions pursuant to 28 U.S.C. § 2255, including a Petition that was denied by the Ninth Circuit with instructions that any new petition had to be filed in the Ninth Circuit and had to contain a particularized showing enunciated in the Ninth Circuit's order. When Petitioner attempted to file yet another § 2255 motion, Judge Burns rejected the petition as discrepant, and issued an order directing that "all further attempted filing by Kennedy related to his criminal case will be rejected absent the required Ninth Circuit authorization." Crim. Doc. No. 157.[1] In his traverse, Petitioner argued that Judge Burns's order should be construed to apply only to renewed § 2255 petitions, not the instant § 2241 petition.

[1]"Crim. Doc. No." refers to the docket for criminal case number 80cr0102.

On January 22, 2008, this Court issued an order dismissing the petition. Doc. No. 12. The Court found that the plain language of Judge Burns's order required Petitioner to obtain permission from the Ninth Circuit before filing the instant petition. Because Petitioner failed to do so, this Court dismissed the petition.

Petitioner has now filed a notice of appeal of the Court's January 22, 2008 order. Petitioner did not file a motion for a certificate of appealability, however, the Ninth Circuit remanded the case to the district court for the limited purpose of granting or denying a certificate of appealability.

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000) and Barefoot v. Estelle, 463 U.S. 880 (1983)).

Here, Petitioner appeals this Court's dismissal of his § 2241 petition. The Court determined that the plain language of Judge's Burns's order required Ninth Circuit authorization for "all further attempted filing by Kennedy related to his criminal case," including the instant § 2241 petition. Simply put, the Court determined that "all" means "all." This Court finds that a certificate of appealability is not warranted in this instance because the dismissal of the § 2241 petition order under the circumstances here is not an issue debatable among jurists of reason nor could any other court resolve the issue in a different manner. Lambright, 220 F.3d at 1024-25. Accordingly, this Court **DECLINES** to issue a certificate of appealability.

DATED: July 23, 2008

JOHN A. HOUSTON
United States District Judge